Mark L. Javitch (CA SBN 323729)
Javitch Law Office
3 East 3rd Ave. Ste. 200
San Mateo, CA 94401
Telephone: (650) 781-8000
Facsimile: (650) 648-0705
mark@javitchlawoffice.com

*Attorneys for Plaintiffs*
And the putative class

# UNITED STATES DISTRICT COURT

# DISTRICT OF NEBRASKA

| | |
|---|---|
| ALEJANDRO VALLESILLO, individually, and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>VANGUARD EQUITIES, LLC, a New York Limited Liability Company, and JEROME CERILLO, an individual,<br><br>Defendants. | Case No.:  8:24-cv-00467-JFB-MDN<br><br>**MOTION TO PERMIT EFFECTUATING SERVICE BY ALTERNATE MEANS** |

## I.   INTRODUCTION

Plaintiff ALEJANDRO VALLESILLO ("Plaintiff") sued for receiving illegal telemarketing phone calls from VANGUARD EQUITIES, LLC, ("Vanguard") but Plaintiff is unable to effectuate service of process because Vanguard does not maintain a correct address on its website or a registered agent. Plaintiff has taken diligent steps to serve Defendant at its addresses listed on its website and its official registered agent. These efforts having failed, Plaintiff hereby moves the Court to permit effectuating alternate service of the Complaint through alternate means, by serving the New York Secretary of State. Good cause is established here because Plaintiff made reasonable attempts to serve Vanguard at the addresses on its website and at its registered agent, but neither address turned out to be correct.

## II.   BACKGROUND

### A.   Plaintiff Filed Suit After Receiving Illegal Telemarketing Texts from Defendants Despite Being Registered on the Do Not Call List

Starting on October 2, 2024, Plaintiff received unsolicited text messages to his personal cell phone. The first one stated "Hi its Joe from VE / Following up on our up to 500k offer for NE businesses…" Filing No. 1 ("Complaint") ¶ 24. A subsequent text repeated the same advertisement. *Id*. ¶ 25. After the texts, Plaintiff received an email from Jerome Cerillo soliciting Plaintiff to fill out a loan application with Vanguard Equities, LLC. *Id*. ¶ 26. Plaintiff never consented to receive text messages from Defendants. Plaintiff never heard of Defendants and had no relationship whatsoever with Defendants prior to this interaction. *Id*. ¶ 27. On December 4, 2024, Plaintiff filed suit against Defendants under the Telephone Consumer Protection Act. Filing No. 1.

### B.   Plaintiff Attempted to Serve Defendants at the Address on Its Website

According to the bottom-right corner of the home page of Defendant's website, Vanguard's address is 483 Kings Highway Brookly (sic), NY 11223. *See* https://vanguardequitiesllc.com/. On December 7, 2024, and again on December 10, 2024, Plaintiff caused a process server to attempt to deliver the summons and Complaint to this address. *See* Affidavit of Mark Javitch ¶¶ 4-7 ("Javitch Aff."); Filing No. 7. However, the process server reported that on the first attempt there was no answer, and on the second attempt, the result was "Unknown," according to the person that answered. *Id*.

### C. Plaintiff Also Attempted to Serve Vanguard Through Its Registered Agent

Plaintiff also attempted to serve Vanguard through its publicly listed registered agent. According to the New York Secretary of State website, the registered agent for Vanguard Equities, LLC is Vanguard Equities, LLC, 1736 East 2nd Street, Brooklyn, NY 11223. *See* Exhibit A attached to Javitch Aff. ¶ 4-7. On December 7, 2024, and again on December 10, 2024, Plaintiff caused a process server to attempt to deliver the summons and complaint to this address. Filing No. 6. However, the process server reported that on the first attempt there was no answer, and on the second attempt, the person who answered the door responded that the Defendant was "Unknown." *Id*.

### III. LEGAL STANDARD

Constitutional notions of due process require that any means of service be "reasonably calculated, under all circumstances, to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections." *Mullane v. Central Hanover Bank & Trust Co*., 339 U.S. 306, 314, 70 S.Ct. 652, 94 L.Ed. 865 (1950) (stating "due process [requires] . . . notice reasonably calculated, under all the circumstances, to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections.")

### IV. ARGUMENT

#### A. PLAINTIFFS MADE REASONABLE EFFORTS TO LOCATE AND SERVE DEFENDANT UNDER NEW YORK STATE LAW

Plaintiff attempted service at the address on Defendant's website and the address of the registered agent as listed on the New York Secretary of State's website. Unfortunately, these attempts only demonstrated that Defendant uses fake addresses that were not connected with its actual business.

Plaintiff may serve defendant by "following state law for serving a summons in an action brought in courts of general jurisdiction in the state where the district court is located or where service is made." Fed. R. Civ. P. 4(h)(1)(A), 4(e).

Defendant is registered as an entity in New York. Accordingly, Plaintiff may serve Defendant by following state law for service of process in New York. Under New York state law, plaintiff may serve a defendant by delivering a copy of the Summons and Complaint personally to:

> (i) any member of the limited liability company in this state, if the management of the limited liability company is vested in its members, (ii) any manager of the limited liability company in this state, if the management of the limited liability company is vested in one

or more managers, (iii) to any other agent authorized by appointment to receive process, or (iv) to any other person designated by the limited liability company to receive process, in the manner provided by law for service of a summons as if such person was a defendant.

N.Y. C.P.L.R. § 311-a (McKinney 1999).

### i. **Plaintiff Served Defendant's Address on Its Website and Its Registered Agent for Service of Process**

Plaintiff diligently attempted to serve Vanguard at both the address on its website and at its registered agent. Plaintiff caused a process server to attempt to deliver the summons and Complaint to the address on the bottom-right corner of the home page of Defendant's website. *See* Javitch Aff. ¶¶ 4-7; Filing No. 7. Plaintiff also attempted to serve Vanguard through its publicly listed registered agent at 1736 East 2nd Street, Brooklyn, NY 11223. *See* Exhibit A attached to Javitch Aff. ¶ 4-7.

### ii. **Plaintiff Attempted to Serve Vanguard via Email at the Addresses on Its Website**

Plaintiff also attempted to serve Vanguard by emailing the addresses on its website. Vanguard is advertising that customers should send emails to admin@vanguardequitiesllc.com and submissions@vanguardequitiesllc.com. Plaintiff caused emails to be sent to these addresses. *See* Exhibit B attached to Javitch Aff. ¶¶ 8-10. However, as of the date of this filing Plaintiff has not received a response at all from Defendants. *Id.* ¶ 11.

### B. THE COURT SHOULD PERMIT SERVICE BY ALTERNATE MEANS ON RESPONDENT'S BUSINESS AND HIS ATTORNEY

Plaintiff's efforts constitute reasonable attempts to inform Vanguard of the action, yet Vanguard still refuses to accept service or provide an address where it may be served. Accordingly, Plaintiff requests to serve the Secretary of State of New York. Vanguard is likely to receive notice through this process because Vanguard is aware that if it does not maintain a registered agent, the Secretary of State may be served in its stead. New York law permits effectuating service on the Secretary of State if efforts to serve the registered agent fail. *See, e.g., J.M. Bakula & R. Manzur, Sociedad Corredora de Valores, S.A. v. Dufaur Corp.*, 1993 U.S. Dist. LEXIS 2068, No. 92 Civ. 5166, 1993 WL 51113 (S.D. N.Y. Feb. 23, 1993) ("A corporate defendant may be served through its agent who is designated for receipt of service, Fed. R. Civ. P. 4(d)(3), and the New York Secretary of State is designated as a corporation's agent to receive service of process under New York law, N.Y. Bus. Corp. Law § 304 (McKinney 1986)"); *United Specialty Ins. Co. v. Table Run Ests. Inc.*, No. 18-CV-5848, 2019 U.S. Dist. LEXIS 90708, 2019

WL 2327699, *5 (S.D.N.Y. May 30, 2019) (denying motion to dismiss where service was effectuated on the New York Secretary of State). Accordingly, Plaintiff requests permission from the Court to serve Defendant by personal service on the New York Secretary of State.

## V.  CONCLUSION

For the foregoing reasons, Plaintiff respectfully requests that the Court grant Plaintiff's motion to effectuate service by alternate means through the New York Secretary of State on Defendant Vanguard.

Dated:  December 17, 2024               Respectfully Submitted:

                                        JAVITCH LAW OFFICE


                                        By: s/ Mark L. Javitch
                                        Bar Number: CA 323729
                                        Attorney for Plaintiff
                                        Javitch Law Office
                                        3 East 3rd Ave. Ste. 200
                                        San Mateo, California 94401
                                        Telephone: (650) 781-8000
                                        Fax: (650) 648-0705
                                        Email: mark@javitchlawoffice.com

                                        *Attorney for Plaintiff and the Putative Class*

**PROOF OF SERVICE**

STATE OF CALIFORNIA, COUNTY OF SAN MATEO

At the time of service, I was over 18 years of age. I am employed in County of San Mateo, State of California. My business address is Javitch Law Office, 3 East 3rd Ave, Ste. 200, San Mateo, California, 94401.

I declare that I served a copy of this NOTICE OF MOTION AND MOTION TO PERMIT EFFECTUATING SERVICE BY ALTERNATE MEANS via the Court's Electronic Filing System to all counsel of record. In addition, this filing is being sent via email to the following:

admin@vanguardequitiesllc.com

submissions@vanguardequitiesllc.com

I declare under penalty of perjury that the foregoing is true and correct. Executed in San Mateo County, California.

Dated: December 17, 2024     */s/ Mark L. Javitch*
                                                    Mark L. Javitch