# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| ALEJANDRO VALLESILLO, individually, and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>vs.<br><br>VANGUARD EQUITIES, LLC, a New York Limited Liability Company, and JEROME CERILLO, an individual,<br><br>Defendants. | 8:24CV467<br><br>ORDER |

    This matter is before the Court on Plaintiff's Motion to Permit Effectuating Service by Alternative Means (Filing No. 8). Plaintiff moves the Court for an order approving service upon Defendant, Vanguard Equities, LLC, a New York Limited Liability Company ("Vanguard") by personal service on the New York Secretary of State.

    Rule 4(h) of the Federal Rules of Civil Procedure provides that a corporation must be served "in the manner prescribed by Rule 4(e)(1) for serving an individual" or "by delivering a copy of the summons and of the complaint to an officer, a managing or general agent, or any other agent authorized by appointment or by law to receive service of process and--if the agent is one authorized by statute and the statute so requires--by also mailing a copy of each to the defendant[.]" Fed. R. Civ. P. 4(h). Rule 4(e)(1) provides that an individual may be served by "following state law for serving a summons in an action brought in courts of general jurisdiction in the state where the district court is located or where service is made[.]" Fed. R. Civ. P. 4(e)(1).

    Vanguard is a New York Limited Liability Company, and Plaintiff is relying on New York law to accomplish service. Under New York law, service of process upon a limited liability company ("LLC") may "be made pursuant to article three of the limited liability company law." N.Y. C.P.L.R. § 311-(a)(a). Article three of New York's limited liability company law provides that the "secretary of state shall be the agent of every domestic limited liability company that has filed with the department of state articles of organization making such designation and every foreign limited liability company upon which process may be served pursuant to this chapter." NY Limit. Liab. Co. § 301(a). Prior to seeking alternative means, service of process upon the New York Secretary of State, as an agent on behalf of an LLC, is appropriate under NY Limit. Liab.

1

Co. § 301(a).  *See Green Mountain Elec. Supply, Inc. v. Power Mfg., LLC*, No. 1:24-CV-1060 (MAD/CFH), 2024 WL 5053199, at *3 (N.D.N.Y. Dec. 9, 2024) (discussing a plaintiff's attempts at serving an LLC, including serving the New York Secretary of State pursuant to NY Limit. Liab. Co § 304 prior to filing a motion for alternative means due to the impracticability of service); *see also Drillman v. Marsam Realty 13th Ave., LLC*, 129 A.D.3d 903, 13 N.Y.S.3d 126 (2d Dept. 2015) (finding that service of process upon the New York Secretary of State on behalf of an LLC was valid service of process).  Thus, service of process on the New York Secretary of State, on behalf of an LLC, is an appropriate preliminary means of service.

Nevertheless, assuming that service upon the New York Secretary of State is an alternative means of service that requires the Court's approval, if service is found to be "impracticable" under N.Y. C.P.L.R. § 311-(a)(a), New York law allows for service "in such manner as the court, upon motion without notice, directs."  N.Y. C.P.L.R. § 311-(a)(b).  "The meaning of 'impracticable' depends on the facts and circumstances of a particular case, but generally requires that a plaintiff 'make some showing that the other prescribed methods of service could not be made.'"  *Green Mountain Elec. Supply, Inc. v. Power Mfg., LLC*, No. 1:24-CV-1060 (MAD/CFH), 2024 WL 5053199, at *2 (N.D.N.Y. Dec. 9, 2024) (quoting *D.R.I., Inc. v. Dennis*, No. 03-cv-10026 (PKL), 2004 WL 1237511, at *1 (S.D.N.Y. June 3, 2004)).  "When usual methods of service prove impracticable, service that is 'reasonably calculated, under all the circumstances, to apprise [the] interested part[y] of the pendency of the action' will suffice."  *Id.*  (quoting *Mullane v. Central Hanover Trust Co.*, 339 U.S. 306, 314 (1950)).  "Unsuccessful attempts to serve a defendant are strong evidence of impracticability.'"  *Id.* at *3.  Finally, personally delivering process with the required statutory fees "to and leaving with the secretary of state or his or her deputy, or with any person authorized by the secretary of state to receive such service," is permissible.  NY Limit. Liab. Co. § 303(a)(1).

After review of Plaintiff's motion and supporting affidavit and documents (Filing No. 8), the Court finds that Plaintiff has demonstrated that Plaintiff has diligently attempted to serve Vanguard under Fed. R. Civ. P. 4(h) and N.Y. C.P.L.R. § 311-(a)(a), but that those methods of service have proved impracticable. Plaintiff first caused a process server to attempt personal service on Vanguard at the address listed on its website on December 7, 2024, and again on December 10, 2024.  (Filing No. 8 at p. 2).  The process server reported no one answered on the first attempt, and on the second attempt, the result was "Unknown," according to the individual

2

that answered. (Filing No. 8 at p. 2). Additionally, Plaintiff caused a process server to attempt personal service on Vanguard through its registered agent as listed on the New York Secretary of State website on December 7, 2024, and once more on December 10, 2024. (Filing. No. 8 at p. 3). The process server again reported no one answered on the first attempt, and on the second attempt, the individual who answered the door responded that Defendant was "Unknown." (Filing. No. 8 at p. 3). Plaintiff made a final attempt to serve Vanguard by emailing the address on its website to which no response has been received as of the date of Plaintiff's filing seeking service by alternative means. (Filing No. 8 at p. 4). Under the circumstances outlined above, the Court finds Plaintiff's request to serve the New York Secretary of State on behalf of Vanguard is appropriate. Therefore, the Court will authorize Plaintiff's request for alternative service under N.Y. C.P.L.R. § 311-(a) and NY Limit. Liab. Co. § 301(a). Accordingly,

**IT IS ORDERED** that Plaintiff's Motion to Permit Effectuating Service by Alternative Means (Filing No. 8) is granted. Service upon Defendant, Vanguard Equities, LLC, a New York Limited Liability Company, may be accomplished by personal service on the New York Secretary of State.

Dated this 30th day of January, 2025.

BY THE COURT:

s/ Michael D. Nelson
United States Magistrate Judge

3