Mark L. Javitch (CA SBN 323729)
JAVITCH LAW OFFICE
3 East 3rd Ave. Ste. 200
San Mateo, CA 94401
Telephone: (650) 781-8000
Facsimile: (650) 648-0705
mark@javitchlawoffice.com

*Attorney for Plaintiff*

UNITED STATES DISTRICT COURT

DISTRICT OF NEBRASKA

| | |
|---|---|
| ALEJANDRO VALLESILLO, <br><br> Plaintiff, <br><br> v. <br><br> VANGUARD EQUITIES, LLC, a New York Limited Liability Company, and JEROME CERILLO, an individual, <br><br> Defendants. | Case No.: 8:24-cv-00467-JFB-MDN <br><br> **BRIEF IN SUPPORT OF MOTION FOR DEFAULT JUDGMENT AGAINST VANGUARD EQUITIES, LLC** |

## I. INTRODUCTION

VANGUARD EQUITIES, LLC ("Vanguard Equities") still maintains ongoing business operations, including its customer facing website, yet it entirely fails to respond to this Court. Vanguard Equities is openly flouting federal law and the TCPA. Vanguard does not even maintain a registered agent, and Plaintiff had to obtain leave of court to serve the default process server, the New York Secretary of State. Accordingly, Plaintiff now requests the Court grant Plaintiff's motion for default judgment against Vanguard Equities.

## II. STATEMENT OF FACTS AND PROCEDURAL HISTORY

### A. Defendants' Business

Defendants offer fast cash loans. Filing No. 1 ("Complaint") at ¶ 15. Defendant Cerillo sent unsolicited text messages advertising Vanguard's fast cash loans. *Id*. at ¶ 16. Defendants failed to obtain consent from Plaintiff and the Class or check the DNC Registry before sending these unsolicited texts. *Id*. at ¶ 17.

### B. Plaintiff's Phone is Residential

Plaintiff's phone number ending in 8312 is Plaintiff's residential phone number. *Id*. at ¶ 18. Plaintiff's phone number ending in 8312 is connected to his personal cell phone. *Id*. at ¶ 19. Plaintiff maintains no other personal phone numbers. *Id*. at ¶ 20. Plaintiff uses his phone number ending in 8312 to communicate for personal reasons with his friends and family. *Id*. at ¶ 21. Plaintiff's cell phone is not connected to a business phone number. *Id*. at ¶ 21. Plaintiff maintains a separate phone number for business purposes so that his customers do not call his personal cell phone for business purposes. *Id*. at ¶ 23. Plaintiff's phone number ending in 8312 has been registered on the Federal DNC Registry since December 21, 2021. *Id*. at ¶ 24.

### C. Defendant Sent Six Telemarketing Texts to Plaintiff

Starting on October 2, 2024, Plaintiff received unsolicited text messages to his personal cell phone. Plaintiff received unsolicited text messages on the following dates and times:

October 2, 2024, at 3:21p.m.
October 22, 2024, at 3:42p.m.
November 5, 2024, at 3:44p.m.
November 20, 2024, at 3:39p.m.
March 17, 2024, at 12:17p.m.
March 17, 2024, at 3:51p.m.

*See* Affidavit of Alejandro Vallesillo ¶¶ 4-9.

The first one stated "Hi its Joe from VE / Following up on our up to 500k offer for NE businesses…" Complaint at ¶ 24. A subsequent text repeated the same advertisement. *Id*. at ¶ 25. After the texts, Plaintiff received an email from Jerome Cerillo soliciting Plaintiff to fill out a loan application with Vanguard Equities LLC. *Id*. at ¶ 26. Plaintiff never consented to receive text messages from Defendants. Plaintiff never heard of Defendants and had no relationship whatsoever with Defendants prior to this interaction. *Id*. at ¶ 27. Defendants' texts violated Plaintiff's statutory rights and caused actual and statutory damages. *Id*. at ¶ 28. In addition to causing statutory damages, the illegal texts caused annoyance, intrusion on privacy and seclusion, and wasted cell phone battery life and time to Plaintiff. *Id*. at ¶ 29.

D.    **Service of Process**

On December 4, 2024, Plaintiff filed his Complaint against Defendants Vanguard Equities, LLC and Jerome Cerillo, alleging violations of the Telephone Consumer Protection Act (or the "TCPA") 47 U.S.C. § 227.  (Filing No. 1). On December 7, 2024, and December 10, 2024, Plaintiff caused a process server to attempt serving a copy of the Summons and Complaint upon Defendant Vanguard Equities, LLC by personal service on the registered agent on file with the New York Secretary of State's office. Filing No. 7. On January 30, 2025, the Court granted Plaintiff's motion for leave to serve the New York Secretary of State's Office on behalf of Vanguard. Filing No. 9. On February 4, 2025, Plaintiff caused a process server to serve the New York Secretary of State's Office on behalf of Vanguard Equities, LLC. Filing No. 10.

E.    **Clerk's Default**

After more than 21 days passed since serving the Summons and Complaint, Defendant Vanguard Equities, LLC still failed to file any responsive pleading. On March 4, 2025, the Clerk Entered Default against Vanguard Equities, LLC. Filing No. 12.

### III.   LEGAL STANDARD

In summary, a default judgment under Rule 55 is a two-step process. First, "the party seeking a default judgment must have the clerk enter the default by submitting the required proof that the opposing party has failed to plead or otherwise defend . . . ." *Fraserside IP L.L.C. v. Youngtek Sols. Ltd.*, 796 F. Supp. 2d 946, 951 (N.D. Iowa 2011) (quoting *Hayek v. Big Bros./Big Sisters of Am.*, 198 F.R.D. 518, 520 (N.D. Iowa 2001)). Second, after the clerk has entered a default, "the moving party may seek entry of judgment on the default under either subdivision (b)(1) or (b)(2) of the rule." Id. (quoting Hayek, 198 F.R.D. at 520).

It remains "for the court to consider whether the unchallenged facts constitute a legitimate cause of action." *Murray v. Lene*, 595 F.3d 868, 871 (8th Cir. 2010). A plaintiff requesting default judgment must still prove its damages. *Cutcliff v. Reuter*, 791 F.3d 875, 883 (8th Cir. 2015). It is "appropriate for a district court to enter a default judgment when a party fails to appropriately respond in a timely manner." *Marshall v. Baggett*, 616 F.3d 849, 852 (8th Cir. 2010) (citing *Inman v. Am Home Furniture Placement, Inc.*, 120 F.3d 117, 119 (8th Cir. 1997)). "[W]hen a default judgment is entered, facts alleged in the complaint may not be later contested." *Marshall*, 616 F.3d at 852 (citing *Thomson v. Wooster*, 114 U.S. 104, (1885)).

### IV.   LEGAL ARGUMENT

This Court has federal question jurisdiction over this matter pursuant to 28 U.S.C. 1331, as Plaintiff's cause of action arises under the TCPA, a federal statute. Plaintiff has brought evidence of six knowing and/or willful violations of the TCPA. *See* Complaint ¶¶ 15-29; Vallesillo Aff. ¶¶ 4-9. A court may award a default judgment pursuant to Federal Rule of Civil Procedure 55(b)(2) following the entry of default by the Court Clerk under Rule 55(a). *See* Fed R. Civ. P. 55; Ne. Civ. R. 55.1.

A.   **The Summons and the Complaint Were Properly Served and The Clerk Properly Entered Default**

Dec. 4, 2024: Plaintiff filed a Complaint alleging TCPA violations. Filing No. 1.

Dec. 7 & 10, 2024: Plaintiff attempted personal service on Vanguard's registered agent. Filing No. 7.

Jan. 30, 2025: Court granted Plaintiff leave to serve the New York Secretary of State in lieu of personal service. Filing No. 9.

Feb. 4, 2025: Plaintiff served the Secretary of State on Vanguard's behalf. Filing No. 10.

Mar. 4, 2025: After no response from Vanguard, the Clerk entered default. Filing No. 12.

B.   **The Facts in the Complaint Are Admitted As True**

Because Vanguard Equities, LLC failed to defend itself, resulting in the Clerk's entry of default against it, the Court must accept the allegations contained in the Complaint as true. *See* Fed. R. Civ. P. 8(b)(6); *see also Big Rig Repair*, 2009 WL 1409259. When a party defaults, the facts alleged in the complaint are deemed admitted and cannot later be contested. *See Peter Kiewit Sons', Inc. v. Wall St. Equity Grp., Inc.*, No. 8:10-CV-365, 2014 U.S. Dist. LEXIS 137182, at *7 (D. Neb. Sep. 29, 2014) (citing *Marshall v. Baggett*, 616 F.3d 849, 852 (8th Cir. 2010); *Murray v. Lene*, 595 F.3d 868, 871 (8th Cir. 2010)).

C.   **The Court Should Grant Plaintiff's Motion for Defendant Judgment against Vanguard**

The court must consider whether the unchallenged facts constitute a legitimate cause of action. *Id*. at *7-*8. Once the court has determined the plaintiff has stated legitimate causes of action, it must then award appropriate relief to the plaintiff as part of the default judgment. *Id*. at *20-*36. The TCPA prohibits "any call (other than a call made . . . with the prior express consent of the called party) using an automatic telephone dialing system or an artificial or prerecorded voice . . . to any telephone number

assigned to a . . . cellular telephone service." *Zean v. Fairview Health Services*, 858 F.3d 520, 523 (8th Cir. 2017).

Plaintiff has successfully pled that Defendant sent Plaintiff multiple unsolicited text messages on his cell phone. Complaint ¶¶ 24-29. The text messages were advertising merchant cash advance loans. *Id*. at ¶ 24. Plaintiff responded to the texts and was able to identify Defendant Vanguard Equities, LLC. *Id*. at ¶ 26. Defendant never obtained Plaintiff's consent prior to texting Plaintiff. *Id*. at ¶ 27. Defendant's text messages violated Plaintiff's rights and caused damages. *Id*. at ¶¶ 28-29.

Upon finding Plaintiff has stated a legitimate cause of action against Defendant, the Court should award Plaintiff all remedies to which they are entitled for their claims against Defendants. *Cf. Peter Kiewit*, 2014 U.S. Dist. LEXIS 137182, at *20-*36 (awarding compensatory damages, costs and attorney fees, injunctive relief, and piercing the corporate veil as part of a default judgment order).

### D.  Plaintiff Seeks Default Judgment for 6 (Six) Violations

The TCPA creates a private right of action under which a party can bring suit to recover its "actual monetary loss" or "to receive $500 in damages" per violation, whichever is greater. 47 U.S.C. § 227(b)(3)(B). If the violation was willful or knowing, the TCPA allows a court, in its discretion, to "increase the amount of the award to an amount equal to not more than 3 times the amount available under subparagraph (B) [i.e., $500 per violation]". 47 U.S.C. § 227(b)(3). Through his affidavit, Plaintiff brings forward evidence that he received 6 (six) unsolicited text messages from Vanguard Equities, LLC. See Vallesillo Aff. ¶¶ 4-9. The text messages were solicitations for Vanguard's merchant cash advance loan. See Exhibit A attached to Vallesillo Aff. ¶ 10.

### E.  Plaintiff Seeks Treble Damages for Knowing and Willful Violations

If the violation was willful or knowing, the TCPA allows a court, in its discretion, to increase the amount of the award from $500 to $1,500. 47 U.S.C. § 227(b)(3); *Sandusky Wellness Ctr., LLC v. Medtox Sci., Inc*., 821 F.3d 992, 997 (8th Cir 2016). Plaintiff requests that the Court treble damages

because the violations were both knowing and willful. A willful violation under the TCPA required only that the defendant "consciously and deliberately committed or omitted an act that violated the statute, irrespective of any intent to violate the law." Vanguard has continued to text Plaintiff despite being sued in this litigation. See Vallesillo Aff. ¶¶ 8-9 (showing additional text messages recently received on March 17, 2025). That test for knowing and willful is met here. Accordingly, Plaintiff seeks $1,500 in damages for each of the six violations, for a total of $9,000.

    **F.**    **Plaintiff Seeks an Award of Costs**

Plaintiff incurred $665.69 in costs in bringing this action. This is comprised of $405.00 for filing the complaint and $260.59 for two process server orders. Plaintiff seeks to be reimbursed for these costs.

**V.**    **CONCLUSION**

For the foregoing reasons, Plaintiff respectfully requests the Court grant default judgment in the amount of $9,665.69. This is composed of $9,000 in statutory damages and $665.69 in costs.

Dated: March 24, 2025                Respectfully submitted,

                                                    By: s/ Mark L. Javitch
                                                        Bar Number: CA 323729
                                                        Attorney for Plaintiff
                                                        Javitch Law Office
                                                        3 East 3rd Ave. Ste. 200
                                                        San Mateo, California 94401
                                                        Telephone: (650) 781-8000
                                                        Fax: (650) 648-0705
                                                        Email: mark@javitchlawoffice.com

                                                        *Attorneys for Plaintiff*

# CERTIFICATE OF SERVICE
# AND
# LR 55.1 (c)(1) AFFIDAVIT

STATE OF CALIFORNIA, COUNTY OF SAN MATEO

At the time of service, I was over 18 years of age. I am not a party to this action. I am employed in County of San Mateo, State of California. My business address is Javitch Law Office, 480 S. Ellsworth Ave, San Mateo, California, 94401.

Pursuant to Local Rule 55.1(c)(1) and Fed. R. Civ. P. 55(b)(2), Plaintiff's counsel states that the party against whom the default judgment is requested is (a) not an infant or incompetent person as stated in Fed. R. Civ. P. 55(b)(2) and (b) does not meet the other exceptions stated in Fed. R. Civ. P. 55(b)(2).

Pursuant to Fed. R. Civ. P. 55(b)(2), On the date stated below, I sent this document to be served on Defendant through the New York Secretary of State and will post the proof of service.

I declare under penalty of perjury under that the foregoing is true and correct. Executed at San Mateo County, California.

Dated: March 24, 2025                    s/ Mark L. Javitch

                                                          Mark L. Javitch
                                                          Attorney for Plaintiff
                                                          Javitch Law Office
                                                          3 East 3rd Ave. Ste. 200
                                                          San Mateo CA 94401